Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2971 | **DATE** | 2/23/2004 |
| **CASE TITLE** | JAMES HABDAS vs. CITY OF CHICAGO, and TOM HOBAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to approve costs is granted, but defendants' motion to recover attorneys' fees is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2 4 2004 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | LG | courtroom deputy's initials | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES HABDAS, )
)
Plaintiff, )
)
vs. ) No. 02 C 2971
)
CITY OF CHICAGO, and TOM HOBAN, )
)
Defendants. )

DOCKETED
FEB 2 4 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff James Habdas filed this action against the City of Chicago and Police Officer Tom Hoban for battery, false arrest and imprisonment, intentional infliction of emotional distress, and violation of his constitutional rights. On October 23, 2003, after a one-day trial, the jury returned a verdict for the defendants on all counts. Defendants now bring motions to approve their bill of costs and to recover their attorneys' fees. The motion to approve the bill of costs is granted, while the motion to recover attorneys' fees is denied.

Federal Rule of Civil Procedure 54(d)(1) provides: "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." The costs a prevailing party may recover are (1) fees of the clerk and marshal; (2) fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Under Rule 54(d), the prevailing party enjoys the presumption that costs will be awarded. *See* M.T. Bonk Co. v.



Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991); Cichon v. Exelon Generation Co., 2003 WL 22757760 at *1 (N.D.Ill. 2003). Unless the court states a good reason to deny costs, it must award them. Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997). However, the court's inquiry regarding a reported cost is twofold. First, we must determine whether the cost is recoverable and then we must determine whether the sum is reasonable. Ochana v. Flores, 206 F.Supp.2d 941, 944 (N.D.Ill. 2002).

Defendants seek reimbursement for trial exhibits, deposition costs, a certified copy of a criminal file, and copies of documents provided to plaintiff during discovery. Along with their motion for recovery of costs, defendants have attached an affidavit from their attorney stating that defendants actually incurred all of the reported costs and that these costs were necessary expenditures. Despite plaintiff's arguments otherwise, we find no good reason to deny or reduce reimbursement to defendants for their costs.

Defendants spent $1,249.54 on large trial exhibits and $44.43 on small trial exhibits. These costs may be recovered as "fees for exemplification and copies of papers necessarily obtained for use in the case." *See* 28 U.S.C. § 1920. Plaintiff argues that the costs of the blow-ups should not be reimbursed because small exhibits would have sufficed and the enlargements were duplicative of oral testimony. However, "[e]nlargement costs are reimbursable if the exhibits were 'necessary to the understanding of an issue and a material aid to the jury....'" Robinson v. Burlington Northern R. Co., 963 F.Supp. 691 (N.D.Ill. 1997), *quoting* Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty, Ltd., 922 F. Supp. 158, 162 (S.D.Ind. 1996). The photographic enlargements of the scene of plaintiff's arrest and of his mug shot were material aids to the jury's understanding of the circumstances surrounding the arrest and plaintiff's

emotional response to it. Plaintiff also contests the costs for the small trial exhibits, arguing that defendants' attorney created them for his own convenience. However, copies of trial exhibits are not exclusively for the convenience of the attorney, for they are necessary in the event an exhibit is published to the jurors. The costs for trial exhibits are both recoverable and reasonable.

Defendants' cost for deposition transcript of plaintiff was $482.55. This sum includes $114.25 in court reporter's fees for April 21, 2003, the date on which plaintiff did not appear for a scheduled deposition. Plaintiff argues that he is not responsible for this cost because his attorney, John Xydakis, notified defendants in advance that he would not be able to attend. Indeed, Xyadkis sent Alan Farkas, one of defendants' attorneys, a letter dated April 8, 2003, stating that Xydakis would not be able to make the scheduled deposition and requested that Farkas send him possible dates on which both Habdas and Hoban could be deposed. In response, Farkas wrote Xydakis that if Habdas could not make the deposition he needed to either propose other dates or get a protective order. Xydakis did neither. Apparently the parties did not communicate further before April 21, 2003, leaving defendants to believe that Habdas would attend his deposition. Thus, this portion of the deposition fees is a legitimate expense for which defendants' must be reimbursed.

Plaintiff further argues that the deposition fee is not recoverable because the deposition was taken only for investigative purposes, the total includes more than just transcription costs, and the fee is unreasonable. These arguments merit little attention. Deposing the plaintiff, who was one of two key witnesses in this case, was certainly reasonable and necessary. Defendants' recoverable deposition costs are not limited to transcription fees; they may include

a fee for the court reporter's attendance. Finchum v. Ford Motor Company, 57 F.3d 526, 534 (7th Cir. 1995). To support his contention that the deposition cost is unreasonable, plaintiff argues that defendants could have hired a court reporter for considerably less than $368 for plaintiff's two-hour deposition, and that the transcription fee should not have been so costly. Plaintiff does not appear to recognize that $368.30 represents defendants' total costs for both the creation of the transcript and the court reporter's attendance time. This sum is not unreasonable.

Defendants are also entitled to reimbursement for the certified copy of plaintiff's criminal file. Plaintiff contends that since he did not pursue a malicious prosecution claim at trial, the file was unnecessary. However, given plaintiff's complaint, which alleged a claim for malicious prosecution, the certified copy was reasonably necessary in preparation for trial.

Finally, plaintiff contends that defendants are not entitled to $97.04 for copies of documents related to discovery. Though plaintiff complains that defendants have not provided sufficient detail regarding the number and nature of the documents copied, he claims that the rate is ten times the reasonable rate of ten cents per page. While it is true that defendants have not accounted for every document copied, their attorney's sworn affidavit states that this sum reflects the actual amount spent to make copies of discoverable materials for the plaintiff. This suffices to determine that the cost is reasonable and recoverable.

Defendants also bring a motion to recover attorneys' fees pursuant to 42 U.S.C. § 1988(b) and 28 U.S.C. § 1927. Section 1988(b) provides that the court, in its discretion, may allow the prevailing party in an action to enforce § 1983 a reasonable attorney's fee as part of the costs. Even though both prevailing plaintiffs and prevailing defendants may collect

attorney's fees, different standards apply, depending on which party prevails. Unity Ventures v. County of Lake, 894 F.2d 250, 253 (7th Cir. 1990). While a plaintiff receives attorney's fees if he succeeds in achieving a benefit on any significant issue in the suit, a defendant may only receive attorney's fees if he can demonstrate that "the plaintiff brought [the] action in subjective bad faith or that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith . . . ." *Id. quoting* Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). The Supreme Court has warned district courts to avoid applying *post hoc* reasoning when weighing whether an action was frivolous, unreasonable, or without foundation, noting that reasonable grounds for a suit may exist even where the law or facts are "questionable or unfavorable." Christianburg, 434 U.S. at 421-422. The strict standard imposed on defendants who move for attorney's fees ensures that plaintiffs seeking to vindicate their civil rights in court will not be dissuaded for fear of being stuck with the defendant's legal bill. Vandenplas v. City of Muskego, 797 F.2d 425, 429 (7th Cir. 1986).

　　　　Defendants contend that plaintiff's action had no basis in law or fact, characterizing his claims as "laughable." We do not agree that this action justifies an award of attorney's fees. Defendants argue that it would have been unimaginable for a jury to have decided in plaintiff's favor, given his testimony. While it is true that the jury delivered a verdict for defendants on all counts, and took a relatively short time to do so, this alone does not render plaintiff's action baseless. The crux of plaintiff's argument was that Officer Hoban ordered him to move from an unmarked public area without further explanation of where to go or why he needed to move. Plaintiff maintained that after he inquired where he needed to go, he was verbally abused and arrested. It is apparent from the jury's decision that they did not accept

plaintiff's interpretation of the events at O'Hare on October 6, 2001. However, that does not give this court cause to find that the case was lacking in any merit.

Defendants further argue that plaintiff's claims for intentional infliction of emotional distress and battery were frivolous because plaintiff could not show damages for either claim. Indeed, the court recognizes that plaintiff did not present a compelling case for severe emotional distress or physical injury. Nonetheless, as plaintiff points out, he did not need to prove significant physical injury to prevail on his claims for battery or violation of § 1983, nor did he need to seek medical attention or miss work to prevail on his intentional infliction of emotional distress claim. Evidence of more significant damages may have provided plaintiff with a stronger case, however it was not a prerequisite for his claims.

Defendants do not limit their search for attorney's fees to only the plaintiff, they also seek reimbursement from plaintiff's attorney under 28 U.S.C. § 1927. This statute states that "[a]ny attorney... who so multiplies the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Seventh Circuit has stated that this statute must be strictly construed and requires a finding that the attorney intentionally filed or prosecuted a claim that lacked a plausible legal or factual basis. Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 182 (7th Cir. 1985), *citing* Knorr Brake Co. v. Harbil, Inc., 738 F.2d 223, 227 (7th Cir. 1984). In Indianapolis Colts, since the court had not found that the plaintiff's claim was frivolous, it could not find that an award of attorney's fees under § 1927 was warranted. Likewise, since we do not find that plaintiff's claims were baseless, we do not find that plaintiff's attorney "unreasonably and

vexatiously" pursued claims merely to multiply the burden of litigation in this case. Though Mr. Xydakis' does use words such as "sanctionable" (in one case calling for sanctions against the defendants for making the true statement that a defendant can receive attorney's fees under 42 U.S.C. § 1988) and "perjurious" too loosely in his response brief, his actions do not justify an award of attorney's fees. Plaintiff, with his attorney, pursued a claim that can justly be described as decidedly unlikely, but we do not conclude that it was so frivolous as to warrant an award of fees.

## CONCLUSION

For the foregoing reasons, we grant defendants' motion to approve costs, but deny their motion to recover attorneys' fees.

JAMES B. MORAN
Senior Judge, U. S. District Court

Feb. 23, 2004.